NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARROWOOD INDEMNITY COMPANY, FKA Royal Globe Insurance Company, FKA Royal Insurance Company of America, a Delaware Corporation, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> CITY OF WEST SACRAMENTO, <br><br> Defendant-Appellant, <br><br> and <br><br> R AND L BUSINESS MANAGEMENT, FKA Stockton Plating, Inc., a California Corporation; et al., <br><br> Defendants. | No.    22-15165 <br><br> D.C. No. 2:21-cv-00397-WBS-JDP <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted December 7, 2022
San Francisco, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: BRESS and VANDYKE, Circuit Judges, and RESTANI,[**] Judge.

Arrowood Indemnity Co. and its insured, R and L Business Management ("R&L"),[1] settled a lawsuit brought by the City of West Sacramento for pollution caused by R&L at its automobile bumper repair facility. Arrowood, R&L, and the City all agreed to a stipulated judgment that found that R&L's conduct was a "substantial factor" in producing the pollution at the site of the facility. Following that settlement and judgment, Arrowood sued the City for a declaratory judgment that Arrowood had no duty under the insurance policies it issued to R&L to satisfy the stipulated judgment. The district court granted summary judgment to Arrowood, and the City now appeals. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

"We review the grant of summary judgment de novo." *Cort v. St. Paul Fire & Marine Ins. Cos.*, 311 F.3d 979, 983 (9th Cir. 2002) (citing *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001)). "The interpretation of an insurance policy, as applied to undisputed facts, is a question of law." *Id.* at 982 (citing *Stanford Ranch, Inc. v. Md. Cas. Co.*, 89 F.3d 618, 624 (9th Cir. 1996)). California law governs this dispute. *See Homedics, Inc. v. Valley Forge Ins. Co.*,

---

[**] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

[1] Although Arrowood's insured was incorporated both as R&L and as Stockton Plating, Inc., at different times, we refer to Arrowood's insured as R&L throughout this disposition.

315 F.3d 1135, 1138 (9th Cir. 2003) (citation omitted).

Arrowood and its predecessors in interest issued several insurance policies to R&L that cumulatively covered 1976 through 1986. The insurance policies covered "occurrence[s]" but excluded pollution, specifically "bodily injury or property damage arising out of the discharge, dispersal, release or escape of … liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water." Any "discharge, dispersal, release or escape [that] is sudden and accidental," however, was excepted from the exclusion. The City argues that R&L damaged the environment by discharging pollution in several ways. Assuming that each of these kinds of discharges were "occurrence[s]," R&L's liability is nonetheless excluded from Arrowood's policies because the liability arose from excluded pollution, and the City fails to show that any of the pollution came within the policies' exception from exclusion.

The pollution the City asserts that R&L caused was excluded by the policies because the pollution arose from the discharge of "liquids" and "waste materials … into or upon land, the atmosphere[,] or any water course or body of water." The City argues that the discharges seeped into the groundwater below the facility and that groundwater does not constitute a "water course" or "body of water." We need not determine whether groundwater fits within either of those terms, however, because even if R&L polluted groundwater by discharging pollutants on

3

the ground, causing them to seep into the groundwater below, that pollution still "ar[o]se out of the discharge … of … pollutants … upon land" and is thus excluded from coverage. *See Southgate Recreation & Park Dist. v. Cal. Ass'n. for Park & Recreation Ins.*, 106 Cal. App. 4th 293, 301 (Cal. Ct. App. 2003).

To "reinstate" coverage for liability excluded by the pollution exclusion, the City must show that a discharge giving rise to the property damage was (1) sudden, (2) accidental, *and* (3) "contributed substantially" to the insured's liability. *State v. Allstate Ins. Co.*, 45 Cal. 4th 1008, 1018, 1037 (2009). None of the discharges asserted by the City satisfies all three criteria.

First, the City argues that waste fluids repeatedly eroded a pile of dirt that R&L had placed outside of a hole in the facility's foundation and that these erosions, along with the release of the fluids, were sudden and accidental discharges. But the only non-speculative evidence that the City provides on this point indicates that the waste fluids' escape through and past the dirt pile was both gradual and expected.

Second, the City argues that Capitol Plating produced "metal dust" when it ground bumpers and that these releases of "metal particulates" were sudden and accidental. R&L employees cleaned the dust as part of their ordinary routine, indicating that the releases were not accidental. *Shell Oil Co. v. Winterthur Swiss Ins. Co.*, 12 Cal. App. 4th 715, 755 (Cal. Ct. App. 1993) (explaining that accidental means unexpected), *reh'g denied and opinion modified* (Feb. 22, 1993).

4

In its third and fourth asserted discharges, the City argues that contaminants escaped from Capitol Plating's on-site dumpster and that waste fluids polluted the environment by escaping through cracks and joints in the facility's sewer. Assuming either the dumpster or the sewer leaked pollutants, there is no evidence from which a jury could reasonably infer that the releases were "sudden." *See Allstate Ins. Co.*, 45 Cal. 4th at 1037.

Fifth, the City argues that the discharge of waste fluids "through the old, cracked, and porous concrete floor to the soil beneath" was sudden and accidental. But the City provides no evidence that the concrete was cracked, and seepage through porous concrete is an example of gradual, not "sudden," pollution. *See Standun, Inc. v. Fireman's Fund Ins. Co.*, 62 Cal. App. 4th 882, 889 (Cal. Ct. App. 1998). To the extent the City meant to argue that the dripping of waste fluid from bumpers onto the concrete floor was itself a sudden and accidental discharge, that was not the relevant discharge—R&L was liable for discharge of pollutants into the environment, not into its own facility. *See Allstate Ins. Co.*, 45 Cal. 4th at 1021.

As for its final two asserted discharges, the City fails to show that they either cumulatively or individually contributed substantially to R&L's liability. *See id.* at 1037. In its sixth asserted discharge, the City contends that 1976 and 1985 fires—and their attendant firefighting—released pollutants. Both fires destroyed several rooms in the facility, but those rooms had each been cleaned before the fires started.

5

As for the room where R&L plated bumpers, the City's evidence shows no more than that the 1985 fire and firefighting insubstantially affected that part of the facility. The City fails to provide sufficient evidence that the fires and firefighting contributed substantially to R&L's liability. *See Emeldi v. Univ. of Or.*, 698 F.3d 715, 728 (9th Cir. 2012) ("[M]ere speculation cannot raise an issue of fact.").

In its seventh asserted discharge, the City contends that a February 1986 rainstorm caused pollutants in R&L's facility to be released into the environment. Significantly, R&L ceased operations at the facility following the 1985 fire. The City relies on evidence that the facility had not been repaired after the 1985 fire, leaving it more vulnerable to a storm, but the City fails to provide evidence of what potentially polluting materials or equipment were present at the facility at the time of the rain. Even if the facility was unrepaired after the fire, this alone is not enough to permit a reasonable jury to infer that the rain contributed substantially to R&L's liability. *See Allstate Ins. Co.*, 45 Cal. 4th at 1037; *Emeldi*, 698 F.3d at 728.

Finally, although the City is correct that Arrowood is bound to the findings in the stipulated judgment, that judgment found only that R&L's conduct was *cumulatively* a substantial factor in producing the environmental harm. That does not mean that the fires or rainstorm contributed substantially to R&L's liability.

Because R&L's liability in the Stipulated Judgment arose from pollution excluded by Arrowood's policies and because the City fails to show that any of the

6

pollution falls within the exclusion's exception, the district court correctly granted summary judgment to Arrowood.[2]

**AFFIRMED.**

---

[2] We grant the Complex Insurance Claims Litigation Association's motion for leave to file an amicus brief.